**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**JOSEPH DAVID SANDERS**                                                                    **PLAINTIFF**
**#252872**

v.                                   **Case No. 4:20-cv-00394-LPR**

**DOES**, *et al.*                                                                      **DEFENDANTS**

## ORDER

On April 10, 2020, Plaintiff Joseph David Sanders filed a *pro se* complaint under 42 U.S.C. § 1983. (Doc. 1). On May 14, 2020, the Court entered an Order directing Mr. Sanders to file an amended complaint within thirty (30) days. (Doc. 5). The Court explained as follows:

> To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Sanders' complaint does not state a claim for relief. The Court, however, will give Sanders the opportunity to amend his complaint. In his amended complaint, he must specifically describe how his constitutional rights were violated, which individuals violated his rights and how they were personally involved in those violations, and how he was injured as a result.
>
> The Clerk of Court is directed to send a blank § 1983 complaint form to Sanders. Sanders is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order within 30 days, this case may be dismissed.

(*Id.*) More than thirty (30) days have passed and Mr. Sanders has not filed an amended complaint or otherwise responded to the Court's May 14, 2020 Order. Mr. Sanders's failure to amend means that his original Complaint remains the operative Complaint in this matter. As the Court said in May of this year, that Complaint fails to state a cause of action. (*Id.*) Moreover, it is also frivolous. Even with significant effort and with an eye toward the liberality with which *pro se* complaints

must be treated, the Court cannot make enough sense out of the Complaint to determine what claims Mr. Sanders is attempting to make and against whom he is trying to make them.

Under 28 U.S.C. § 1915(e), the Court must screen *in forma pauperis* complaints. Claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from paying damages should be dismissed. 28 U.S.C. § 1915(e). A complaint fails to state a claim for relief when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is frivolous when "it lacks an arguable basis either in law or in fact" or "the facts alleged rise to the level of the irrational or the wholly incredible." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Mr. Sanders' Complaint includes discussion of "men from Mars," "telepathy device[s]," "plasmatic protective mind framing," and "a hydraguadic [sic] machine [he] designed to reverse electrons in water to reverse vibrations." (Doc. 1). In short, Mr. Sanders' assertions fall well within the category of the irrational or wholly incredible. They lack an arguable basis in law and fact. They certainly don't state a viable claim for relief against a particular defendant.

Accordingly, Mr. Sanders' Complaint is DISMISSED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal taken from the Order and Judgment dismissing this action is considered frivolous and not in good faith. This dismissal counts as a "strike" for the purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 31st day of August 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE